DARRYL M. WOO (CSB No. 100513)
dwoo@fenwick.com
MICHAEL A. SANDS (CSB No. 178788)
msands@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
LORD & SONS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**C 07 5496**

| | |
|---|---|
| LORD & SONS, INC., | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. DESIGN PATENT NO. D528,900** |
| v. | |
| WILLIAM J. THOMPSON; TOMARCO CONTRACTOR SPECIALTIES, INC.; TOMARCO FASTENING SYSTEMS; CONSTRUCTION ENGINEERED ATTACHMENT SOLUTIONS; HEAD FIRST PRODUCTS INC., | **DEMAND FOR JURY TRIAL** |
| | **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |
| Defendants. | |

Plaintiff Lord & Sons, Inc., for its complaint against William J. Thompson, Tomarco Contractor Specialties, Inc., Tomarco Fastening Systems, Construction Engineered Attachment Solutions, and Head First Products Inc. (collectively, "Defendants"), alleges on knowledge as to its own activities and on information and belief as to the activities of others as follows:

### NATURE OF ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Defendants have asserted rights under United States Design Patent No. D528,900 ("the '900 Patent") based on certain ongoing activity by Lord & Sons, and have accused Lord & Sons of infringement of the '900 Patent. Lord & Sons denies all such allegations as unjust and without adequate basis, and contends that it has the right to engage in such activity without

**COMPLAINT FOR DECLARATORY JUDGMENT**                CASE NO. _____

license. Lord & Sons thus seeks a declaration that it does not infringe the '900 Patent and/or that the '900 Patent is invalid.

## PARTIES

2. Plaintiff Lord & Sons is a corporation organized and existing under the laws of the State of California, with its principal place of business at 430 East Trimble Road, San Jose, California. Lord & Sons is, and at all times relevant to this action has been, in the business of manufacturing and supplying fastening systems and other construction products to the construction industry.

3. Defendant William J. Thompson is an individual residing, on information and belief, at 11 Hillsborough, Newport Beach, California. Thompson is the sole named inventor on the '900 Patent, and on information and belief a principal of one or more of the corporate entity defendants named herein and described below.

4. On information and belief, Defendants Tomarco Contractor Specialties, Inc. and Tomarco Fastening Systems are corporations, forms unknown, both with principal places of business at 6600 Artesia Blvd., Buena Park, California (collectively, "Tomarco"). Tomarco transacts substantial business within this judicial district, including the maintenance of a business office located at 3230 Osgood Common, Fremont, California. On information and belief, Tomarco is, and at all times relevant to this action has been, in the business of manufacturing and supplying fastening systems and other construction products to the construction industry.

5. On information and belief, Defendant Construction Engineered Attachment Solutions is a corporation, form unknown, with a principal place of business at 14848 Northam Street, La Mirada, California ("CEAS"). CEAS transacts substantial business within this judicial district, including through the Tomarco business office located at 3230 Osgood Common, Fremont, California, which is listed on CEAS' website (www.ceasattachments.com) as a CEAS distributor. On information and belief, CEAS is, and at all times relevant to this action has been, in the business of supplying attachment systems and other construction products to the construction industry.

COMPLAINT FOR DECLARATORY JUDGMENT  2  CASE NO. _____

6. On information and belief, Defendant Head First Products Inc. is a corporation, form unknown, with a principal place of business at 6600 Artesia Blvd., Buena Park, California ("Head First"). On information and belief, Head First is, and at all times relevant to this action has been, in the business of manufacturing power hand tools and wholesale supply of industrial fasteners to the construction industry.

7. On information and belief, at all times mentioned herein Defendants, and each of them, were the agents of the other Defendants and in doing the things alleged below, were acting within the scope of their agency, towards a common interest, and are jointly and severally liable.

## JURISDICTION AND VENUE

8. This Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because Lord & Sons' claims for declaratory relief arise under the Patent Act, 35 U.S.C. § 1, *et seq.*, and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and § 1400(b), because a substantial part of the events giving rise to the claims occurred in this judicial district and because Defendant Tomarco maintains an office, and therefore resides, in this judicial district.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Civil Local Rule 3-2(c) and the Court's Assignment Plan, this case is subject to assignment on a district-wide basis because it is a patent case.

## FACTUAL BACKGROUND

11. Lord & Sons is a long-established Bay Area company that has supplied fastening systems and other construction products to the construction industry for over 35 years. Lord & Sons' products include the "Flash Fastener" line of fastening systems suitable for use in concrete, wood and steel. Included in the Flash Fastener line is a product called the FLASH STACK fastener, designed for use in stacking multi-conductor cables in construction projects.

COMPLAINT FOR DECLARATORY JUDGMENT     3     CASE NO. _____

12. The '900 Patent is entitled "Hook Rod and Slide Fastener for Support of Conduit, Cable, Wire and the Like." The '900 Patent on its face states that it issued on September 26, 2006.

13. On its face, Defendant Thompson is listed as the sole inventor of the '900 Patent. On its face, the '900 Patent does not indicate that it has been assigned to any other person or entity.

14. Defendants, and in particular Defendants Thompson and Tomarco, have asserted all right, title and interest in the '900 Patent. In a letter dated October 17, 2007, said Defendants explicitly accused Lord & Sons of infringing the claims of the '900 Patent via the FLASH STACK products and threatened legal action against Lord & Sons without further notice.

15. Lord & Sons believes that its products, including its FLASH STACK products, do not infringe the '900 Patent and that the claims of the '900 Patent are invalid. Accordingly, an actual controversy exists between Lord & Sons, on the one hand, and Defendants, on the other hand, as to whether Lord & Sons' manufacture, use and/or sale of its products infringe any valid and enforceable claim of the '900 Patent. Absent a declaration of non-infringement and/or invalidity, Defendants will continue to wrongly assert the '900 Patent against Lord & Sons, and thereby cause Lord & Sons irreparable harm.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement)

16. Lord & Sons incorporates the allegations of paragraphs 1-14, above.

17. An actual controversy exists between Lord & Sons and Defendants as to whether Lord & Sons' products and services infringe the '900 Patent and whether this patent is valid.

18. Defendants contend that the '900 Patent is valid and that Lord & Sons, particularly via the FLASH STACK fastener product, infringes this patent.

19. Lord & Sons denies these contentions, and contends that Lord & Sons' products, including the FLASH STACK fastener product, do not infringe the '900 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT     4     CASE NO. _____

20. Accordingly, Lord & Sons seeks, and is entitled to, a judgment against Defendants that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '900 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Invalidity)

21. Lord & Sons incorporates the allegations of paragraphs 1-19, above.

22. An actual controversy exists between Lord & Sons and Defendants as to whether Lord & Sons' products and services infringe the '900 Patent and whether this patent is valid.

23. Defendants contend that the '900 Patent is valid and that Lord & Sons, particularly via the FLASH STACK fastener product, infringes this patent.

24. Lord & Sons denies these contentions, and contends that the '900 Patent is invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. § 101, *et seq.*, including the requirements of novelty, nonobviousness and ornamentality. Lord & Sons further contends that no claim of the '900 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by Lord & Sons, including the FLASH STACK fastener product, and that the alleged invention of the '900 Patent is taught by, suggested by and/or obvious in view of applicable prior art, or otherwise invalid.

25. Accordingly, Lord & Sons seeks, and is entitled to, a judgment against Defendants that the '900 Patent is invalid.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment Of Non-Interference With Patent Rights)

26. Lord & Sons incorporates the allegations of paragraphs 1-24, above.

27. On information and belief, an actual, live and justiciable controversy exists concerning Lord & Sons' freedom to operate free of infringement claims by Defendants, and as a result Lord & Sons seeks, and is entitled to, a judgment against Defendants that Lord & Sons is not infringing any valid and enforceable claim of Defendants' patent.

## PRAYER FOR RELIEF

WHEREFORE, Lord & Sons prays for judgment in its favor and against Defendants as follows:

A.  Judgment against Defendants declaring that Lord & Sons does not infringe any valid and enforceable claim of the '900 Patent;

B.  Judgment against Defendants declaring the '900 Patent invalid, unenforceable and void, and that Defendants are without any right or authority to enforce or threaten to enforce any claim of the '900 Patent against Lord & Sons or any other party;

C.  Judgment against Defendants declaring that Lord & Sons is free to operate without cloud of infringement claims by Defendants;

D.  An injunction against Defendants and their respective officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of thereof, from directly or indirectly asserting infringement or instituting any action for infringement of the '900 Patent against Lord & Sons or any of its subsidiaries, customers or partners.

E.  A declaration that Lord & Sons' case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285;

F.  An award of costs and attorneys' fees to Lord & Sons; and

G.  An award to Lord & Sons of such other relief as the Court deems just and reasonable.

Dated: October 29, 2007                FENWICK & WEST LLP


By: _____
            Michael A. Sands

Attorneys for Plaintiff
LORD & SONS, INC.

COMPLAINT FOR DECLARATORY JUDGMENT            6            CASE NO. _____

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff Lord & Sons, Inc. respectfully demands a jury trial in this action.

Dated: October 29, 2007

FENWICK & WEST LLP

By: _____
Michael A. Sands

Attorneys for Plaintiff
LORD & SONS, INC.

COMPLAINT FOR DECLARATORY JUDGMENT            7            CASE NO. _____

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) may have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) may have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding.

Callisto (USA), Inc.

Dated: October 29, 2007

FENWICK & WEST LLP

By: /s/ Michael A. Sands
Michael A. Sands

Attorneys for Plaintiff
LORD & SONS, INC.

COMPLAINT FOR DECLARATORY JUDGMENT        8        CASE NO. _____